UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - -
IN RE:  REQUEST FROM Brazil          )    NO. 04mc 10075
        FOR LEGAL ASSISTANCE         )
        IN THE CRIMINAL MATTER OF    )
        COPYRIGHT INFRINGEMENT       )
- - - - - - - - - - - - - - - - - - - - - - -
```

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION

This memorandum is submitted in support of the application of the United States for an order pursuant to Title 28, United States Code, Section 1782, appointing a Commissioner to collect evidence requested by the Ministry of Justice of Brazil in its attached request, which we are executing pursuant to the Treaty with Brazil on Mutual Legal Assistance in Criminal Matters, signed at Brasilia October 14, 1997, and entered into force February 21, 2001; TIAS ____ (hereinafter referred to as the Treaty).

The attached request sets forth the following:

(1) The Brazilian General Investigations Division of the Department of Investigations of the Organized Crime is investigating the illicit use and dissemination of certain editorial material via the internet in violation of the copyright laws of Brazil.

(2) The offense(s) being investigated are violations of Article 184 of the Brazilian Penal Code, which, in general terms, proscribes the unauthorized reproduction or sale of copyrighted

works.  A person convicted of such an offense is punishable by imprisonment for a term of up to four years plus a fine.

(3)  The assistance by the United States is required because the investigation by authorities in Brazil has revealed that an American electronic communication service within the District of Massachusetts provides an email account and services which are used in the unauthorized dissemination of Brazilian copyrighted works, and the Brazilian authorities further suspect that the subscriber to that account is complicit in the copyright infringements in violation of the laws of Brazil.

This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this District provide the evidence requested for use in a proceeding in a foreign country, (2) appoint a person to gather such evidence, and (3) establish the procedure pursuant to which the evidence requested shall be produced.

1. <u>Authority to grant a foreign request for assistance</u>

Title 28, Section 1782, provides in pertinent part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign ... tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign ... tribunal or upon the application of any interested person....

2

Section 1782 was enacted:

> ... to improve United States judicial procedures for ... obtaining evidence in the United States in connection with proceedings before foreign ... tribunals....

Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782 [hereinafter 1964 U.S.C.C.A.N.]. By enacting Section 1782, Congress reaffirmed the inherent authority of district courts to grant foreign judicial assistance. In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 648 F. Supp. 464 (S.D.Fla. 1986), aff'd, 848 F.2d 1151, 1154 (11th Cir. 1988), cert. denied, 488 U.S. 1005 (1989) [hereinafter Trinidad and Tobago]. More significantly, its enactment reflected Congress' desire to increase the power of district courts to respond to foreign requests for judicial assistance. In re Letters Rogatory From Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1218 (9th Cir. 1976) [hereinafter Japan I]. In sum, Section 1782 is a Congressional invitation to district courts to act affirmatively to execute foreign requests for judicial assistance.

    a.   Source of the foreign request for assistance

Foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate or *juge d'instruction*. In re Letter of Request From the Government of France, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991) [hereinafter France]; In re Letter of Request for Judicial

Assistance from Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 405-406 (S.D.Fla. 1987) [hereinafter Haiti]. Foreign requests may also be made by "any interested person," such as a foreign legal affairs minister or public prosecutor. In re: Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016 (9th Cir. 1994) [hereinafter Japan II]; In re Letter of Request from Crown Prosecution Service of United Kingdom, 870 F.2d 686, 690 (D.C. Cir. 1989) [hereinafter United Kingdom]; Trinidad and Tobago, 648 F.Supp. at 466-67.

    b.   The Constitution and Treaties

A treaty constitutes the law of the land. U.S. Const. Art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801).

    c.   Purpose for the foreign request for assistance

Foreign requests for judicial assistance must be for the purpose of securing evidence "for use in a proceeding in a foreign ... tribunal." This includes evidence needed in proceedings before investigating magistrates as well as in proceedings before conventional courts. 1964 U.S.C.C.A.N. at 3788; Haiti, 669 F. Supp at 405-406. Section 1782 contemplates that district courts will facilitate evidence gathering prior to

4

litigation; Congress amended Section 1782 to eliminate the need for a "pending" proceeding with the intention of expanding the availability of U.S. judicial procedures for obtaining evidence in the United States in connection with proceedings before foreign tribunals.

    d.   <u>The Treaty</u>.

The United States and Brazil entered into the Treaty for the purpose of promoting judicial cooperation in criminal matters. The Treaty obliges each state to provide assistance in connection with the "investigation, prosecution, and prevention of offenses, and in proceedings related to criminal matters." Art. 1(1). The assistance covered includes producing documents; taking testimony or statements; locating witnesses; serving documents; transferring persons in custody for testimony or other purposes; assisting in proceedings related to immobilization and forfeiture of assets; restitution; collection of fines; executing search and seizure requests; and "any other form of assistance not prohibited by the laws of the Requested State." Art. 1(2).

    e.   <u>Use of the Treaty to Execute Requests for Assistance</u>.

Article 5 governs the execution of requests, and provides that "[t]he competent officials of the Requested State shall do everything in their power to execute the request." The Treaty provides, in Article 5(3), that the laws of the Requested Party shall govern the execution of the request, "except to the extent

5

that this Treaty provides otherwise." To this end, federal courts of the United States routinely utilize the "commission" procedure as authorized by Title 28, United States Code, Section 1782, to ensure the execution of requests pursuant to a treaty.

2. Authority to appoint a Commissioner

Section 1782 further provides in pertinent part that the district court:

> may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A district court customarily appoints or "commissions" a person ("Commissioner") to collect evidence on behalf of the district court and authorizes the Commissioner to submit the evidence collected to the requesting foreign court or authority. With requests for assistance in criminal matters, a district court typically appoints an Attorney for the government as Commissioner. However, a district court also may commission a foreign authority together with (or in lieu of) a federal prosecutor. See, e.g., In re Letter of Request from Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991) [hereinafter Hong Kong].

Application to a district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled ex parte. United Kingdom, 870 F.2d at 688; Japan I,

6

539 F.2d at 1219.

    3.   <u>Authority to establish the evidence-collecting procedure</u>

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A district court empowers a Commissioner to collect the evidence using the procedure prescribed by the court. A district court has "complete discretion in prescribing the procedure to be followed." <u>1964 U.S.C.C.A.N.</u> at 3789. When a district court's order fails to specify a procedure by which a Commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. <u>Japan II</u>, 16 F.3d 1016; <u>Hong Kong</u>, 138 F.R.D. at 32. However, as Section 1782 makes clear, when a district court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. <u>France</u>, 139 F.R.D. at 590-591.

    Article 5 of the Treaty states that the laws of the Requested Party shall govern the execution of the request. Thus, the Treaty parallels 28 U.S.C. § 1782(b) by allowing laws applicable to domestic investigations and prosecutions of criminal matters to govern the execution of foreign legal assistance requests rather than, by default, the Federal Rules of Civil Procedure.

Article 5(1) of the Treaty provides that the "competent officials of the Requested State shall do everything in their power to execute the request." Articles 5(1) specifically authorizes the issuance of subpoenas as necessary to execute requests.

a. Commissioner's subpoena

If a district court so orders, a Commissioner may use a Commissioner's subpoena to obtain the requested evidence. See, e.g., In re v. Erato, 2 F.3d 11, 12-13 (2d Cir. 1993) (incorporating in pertinent part the District Court's order directing the use of Commissioner's subpoenas). The Commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the district court for the production of evidence in accordance with Section 1782. See Title 28, United States Code, Section 1651. Upon authorization by a district court, a Commissioner may issue such Commissioner's subpoenas as are necessary to execute the request in the relevant district.

b. Notice of evidence taking

If a district court so orders, a commissioner may collect the evidence in accordance with procedures -- including those involving notice -- requested by the requesting court or

8

authority.[1] In the absence of a request for a specific procedure, a district court can assume that the requesting court or authority has provided such notice as the foreign law requires, or that the foreign law does not require notice and the requesting court or authority does not consider notice to be necessary or useful. In sum, if the requesting state has not requested notice, no notice need be provided. Accordingly, to the extent that a request does not ask for specific notice procedures, a district court should authorize a Commissioner to take the evidence without notice to any party other than the recipient of the Commissioner's subpoena.

   4.   The Present Request

   The instant request has been made by the General Investigations Division of the Department of Investigations of

---

   [1] Historically, United States authorities have executed requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings, in order to protect against compromising foreign investigations and proceedings. Moreover, United States authorities customarily rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires. Finally, requesting courts and authorities routinely request that United States executing authorities follow particular, stated notice procedures when such procedures are necessary or useful under the foreign law or practice. For example, foreign requests frequently ask (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

the Organized Crime.  The request was forwarded to the U.S. Department of Justice by the Ministry of Justice of Brazil, the Central Authority for Brazil under the Treaty.  Art. 2(2).  Based upon the facts set forth in the Request for Assistance from the Investigative Committee, the request is clearly one contemplated by Congress when, in enacting Section 1782, it expanded the authority of federal courts to assist foreign governments.  The subscriber of the email account, referenced above, is being investigated by the General Investigations Division of the Department of Investigations of the Organized Crime for violations of the Penal Code of Brazil.

Congress intended that the United States set an example to other nations by making judicial assistance generously available. Trinidad and Tobago, 848 F.2d at 1153-54.  Accordingly, the government asks this Court, in the interests of comity, to issue the attached Order under Section 1782 granting assistance for an investigation in Brazil, appointing Trial Attorney Corbin A. Weiss as Commissioner, and authorizing him to take the actions necessary, including the issuance of Commissioner's subpoenas, to collect the evidence requested and to adopt such procedures in the receipt of the evidence as are consistent with the intended

//
//
//

//

//

//

//

//

//

//

use thereof in Brazil.

                                    Respectfully submitted,

                                    CHRISTOPHER WRAY
                                    Assistant Attorney General,
                                    Criminal Division
                                    U.S. Department of Justice

By: _____
                                    Corbin A. Weiss
                                    Trial Attorney,
                                    U.S. Department of Justice,
                                    Criminal Division,
                                    Computer Crime and Intellectual
                                        Property Section
                                    10th and Constitution Avenue, N.W.
                                    John C. Keeney Building, Suite 600
                                    Washington, D.C.  20530
                                    (202) 514-1564

Dated: _____3/11/04_____